Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

CHARMING BEATS LLC,                    Case No.: 21-cv-4723

                          Plaintiff,    **ECF CASE**

           v.                           **COMPLAINT AND JURY DEMAND
                                        FOR DAMAGES FOR COPYRIGHT
                                        INFRINGEMENT**

MILLION AIR INC.,

                          Defendant.
--------------------------------------------------------------x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this

Complaint and Jury Demand against defendant MILLION AIR INC. for damages based on

copyright infringement and related claims pursuant to the Copyright Act and Copyright

Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the

Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA").  Plaintiff alleges

below, upon personal knowledge as to itself, and upon information and belief as to other matters

so indicated.

### JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2.      CPLR § 302 (a)(3) authorizes this Court to "exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state . . . if it: . . .  (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

3.      At bar, defendant is nondomiciliary headquartered at 1500 N. Harrison Ave. Cary, North Carolina 27513.

4.      Defendant maintains a headquarters in New York located at 136 Tower Rd, West Harrison, NY 10604.

5.      Defendant intentionally infringed plaintiff's exclusive rights to its copyrighted recording *Anything You Synthesize* – U.S. Copyright Registration No. SR 713-287 (the "Copyrighted Track"); this is a tort committed outside the state.

6.      Defendant was put on notice of its infringing activity multiple times.  Defendant elected to continue to infringe after each notice.

7.      In fact, as of the date of this complaint, defendant's infringing content is still active on YouTube.

8.      Defendant was put on notice from plaintiff and plaintiff's counsel that its infringing activity was having consequences in this state.

9.      Defendant elected to continue to infringe after each notice, knowing its action would have consequences in this state.

10.      The Copyrighted Track at issue here was used by defendant to promote its services, and overall company.

2

11.     Defendant generates substantially all of its revenue from interstate or international commerce.

12.     Jurisdiction is conferred over defendant pursuant to CPLR §§ 302(3)(ii).

## VENUE

13.     A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ; or, (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is Infringing to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

14.     At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

15.     There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

16.     Defendant frequently contracts with companies in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

17.     Plaintiff CHARMING BEATS LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

18.     Upon information and belief, defendant Million Air Inc. ("MILLION") is a corporation formed under the laws of Delaware with a primary headquarters located at 7555 Ipswich Rd., Houston, TX 77061.

**FACTS**

19.    Plaintiff is the sole beneficial owner by assignment of an original musical composition and recording titled *Anything You Synthesize* – U.S. Copyright Registration No. SR 713-287. See **Exhibit 1.**

20.    Defendant is a provider of premium private aircraft charters with affiliate offices throughout the United States including one located in New York.

21.    Defendant caused to be produced a video commercial titled "Million Air video" (the "Infringing Advertisement").

22.    Without a license or authority, defendant copied the Copyrighted and then synchronized it to the Infringing Advertisement.  The Copyrighted Track runs throughout the entire Infringing Advertisement.

23.    Defendant distributed the Infringing Advertisement to numerous third-parties for the purpose of generating additional clients for its aviation services.

24.    Defendant distributed the Infringing Advertisement to an employee that worked on the creation of the Infringing Advertisement named Emily Szeremi. Ms. Szeremi then uploaded the Infringing Advertisement to her YouTube page located at <https://www.youtube.com/watch?v=k7ILwkWTak0>.



25.     As the preceding screenshot makes clear, the Infringing Advertisement was posted by defendant's agent on YouTube with all of defendant's information and signage.

26.     At no time did the defendant have the right to use the Copyrighted Track in any manner.

27.     The Infringing Advertisement was identified by plaintiff for the first time in June 2021 after significant due diligence.  The Infringing Advertisement did not appear in any of the dozens of searches the plaintiff conducts each year.

28.     It was not until plaintiff retained a third-party search company was the Infringing Advertisement first identified.

29.     Defendant was informed by YouTube that the musical track in the Infringing Advertisement belonged to plaintiff; defendant elected to ignore the YouTube notice.

30.     On or about June 23, 2021, plaintiff notified defendant of the infringement, by email, and demanded defendant cease and desist. See **Exhibit 2**.

31.     Defendant did not respond to the June 23 Notice and continued to infringe.

32.     On or about July 7, 2021, plaintiff's counsel served a cease and desist on defendant demanding it disable the Infringing Advertisement. See **Exhibit 3**.

33.     Again, defendant elected to ignore the notice and continue to infringe.  As of the date of this Complaint, the Infringing Advertisement is still active on YouTube.

34.     At no time did the defendant produce a license.

35.     Defendant's failure to comply with the notices from YouTube, plaintiff, and plaintiff's counsel evidences defendant's intent to infringe.

36.     Defendant knew it was infringing plaintiff's exclusive rights when it copied, synchronized, and publicly displayed the Copyrighted Track without a license.  Defendant knew

it was infringing plaintiff's exclusive rights when it distributed the Infringing Advertisement to numerous third-parties.

37.     Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, directly and indirectly, and its knowledge of the infringement and failure to comply with multiple notices satisfies the "reckless disregard" standard for enhanced damages set forth in Section 504(c) of the Act.

38.     The forgoing demonstrates the callous disregard the defendant has to its legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating the Copyright Act.

39.     Defendant did not include any identifying information in the Infringing Advertisement which would have allowed plaintiff to identify defendant's use of the Copyrighted Track.  Specifically, the Infringing Advertisement omits the Copyrighted Track's title, album name, author, label, and copyright owner.

40.     Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

41.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

42.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

43.     Defendant, without authority from plaintiff, reproduced, publicly performed, publicly displayed, and/or synchronized plaintiff's Copyrighted Track in its entirety to the Infringing Advertisement.

44.     Defendant created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

45.     Defendant refused to cease and desist after multiple demands from plaintiff directly, and through counsel.

46.     Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

47.     Defendant's use was not transformative.

48.     Defendant elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Track, using the entirety of the track, without a license.

49.     As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

50.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

51.     Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with copyright management information including embedded data containing the title, author, label, and copyright owner.

52.     Defendant could not have obtained a copy of the master recording for the Copyrighted Track without this information.

53.     Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the subject use at issue here.

54.     A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

55.     Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Track.  This high-resolution version cannot be obtained without copyright management information being included.

56.     Defendant removed plaintiff's copyright management information, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Track.

57.     Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

58.     Defendant continued to publicly display the Infringing Advertisement with no attribution after YouTube, plaintiff, and plaintiff's counsel separately informed defendant that it was infringing plaintiff's rights to the Copyrighted Track.

59.     Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

60.     Defendant did the forgoing with the intent to conceal the infringement.

61.     Plaintiff seeks award of statutory damages for each violation of Section 1202 of

the DMCA in the sum of $25,000, plus attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as

follows:

1.     restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.     compensatory damages in an amount to be ascertained at trial;

3.     statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5.     reasonable attorneys' fees and costs (17 U.S.C. § 505);

6.     pre- and post-judgment interest to the extent allowable; and,

7.     such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 21, 2021           GARBARINI FITZGERALD P.C.
New York, New York

By: _____
       Richard M. Garbarini (RG 5496)